*449 Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 18, 2012, awarding plaintiffs the principal sum of $3,131,897, and bringing up for review an order, same court and Justice, entered August 6, 2012, which granted plaintiffs’ motion for summary judgment and denied defendant’s cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly found, based on plaintiff partnership’s unchallenged evidence, that it held a real estate broker’s license at the time its services were rendered and its cause of action for commissions arose in 1998 (Real Property Law § 442-d). We decline to consider defendant’s argument raised for the first time in a surreply that, even if arguendo the date for requiring a license was plaintiff partnership’s May 2008 deadline for giving notice that it would not be exercising its option to terminate the lease early, the license held by a partner at that time did not satisfy the partnership’s licensing requirement (see Ostrov v Rozbruch, 91 AD3d 147, 155 [1st Dept 2012]). The obligation to pay the commission arose from the lease (cf. Thorne Real Estate v Nezelek, 100 AD2d 651, 652 [3d Dept 1984]), which plaintiff partnership was entitled to enforce (see Joseph P. Day Realty Corp. v Chera, 308 AD2d 148, 152 [1st Dept 2003]).
We have considered defendant’s remaining contentions and find them unavailing. Concur — Tom, J.P, Andrias, Renwick, DeGrasse and Gische, JJ.